UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE J. YOUNG, et al.<br><br>  Plaintiffs,<br><br>  v.<br><br>CORCORAN STATE PRISON VISITING STAFF,<br><br>  Defendant. | No. 1:24-cv-00776-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 23) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed February 28, 2024. Plaintiff submits that his criminal case has been returned to state court and he is in not in a position mentally to litigate this case. (ECF No. 23.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

1

1    Without a reasonable method of securing and compensating counsel, the court will seek
2    volunteer counsel only in the most serious and exceptional cases.  In determining whether
3    "exceptional circumstances exist, the district court must evaluate both the likelihood of success
4    on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
5    complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

6    In the present case, the Court does not find the required exceptional circumstances.  Even
7    if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations
8    which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with
9    similar cases filed almost daily by prisoners suffering from mental health conditions who must
10   also conduct legal research, obtain discovery, and litigate their cases without the assistance of
11   counsel.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and
12   his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.
13   See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require
14   development of further facts during litigation and a pro se litigant will seldom be in a position to
15   investigate easily the facts necessary to support the case.")  The test is whether exception
16   circumstances exist and here, they do not.   A review of the operative complaint reflects that
17   Plaintiff has been able to adequately articulate his claims and the Court has ordered service on the
18   unidentified Doe Defendants.  (ECF Nos. 1, 16.)   In addition, the fact that Plaintiff is imprisoned
19   and has not been able to obtain counsel on his own, are circumstances faced by almost all other
20   prisoners seeking relief by way of civil rights complaint.  See, e.g., Wood v. Housewright, 900
21   F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff
22   complained that he had limited access to law library and lacked a legal education); Marquez v.
23   United States, No. 318CV00434CABNLS, 2018 WL 3388098, at *3 (S.D. Cal. July 12, 2018)
24   ("[M]any of Plaintiff's assertions, such as limited education, no legal training, and limited access
25   to the law library, are issues common to many prisoners and do not amount to exceptional
26   circumstances."); Galvan v. Fox, No. 2:15-CV-01798-KJM-DB, 2017 WL 1353754, at *8 (E.D.
27   Cal. Apr. 2017) ("Circumstances common to most prisoners, such as lack of legal education and
28   limited law library access, do not establish exceptional circumstances that warrant a request for

voluntary assistance of counsel."). Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: __**March 4, 2025**__

STANLEY A. BOONE
United States Magistrate Judge

3