1

2

3                          UNITED STATES DISTRICT COURT

4                          EASTERN DISTRICT OF CALIFORNIA

5

6    GALE J. YOUNG, et al.                    No.  1:24-cv-00776-KES-SAB (PC)

7                    Plaintiffs,              ORDER GRANTING IN PART AND
                                             DENYING IN PART MOTION TO
8         v.                                 SUBSTITUTE DOE DEFENDANT, AND
                                             DENYING SECOND MOTION FOR
9    CORCORAN STATE PRISON VISITING          APPOINTMENT OF COUNSEL, WITHOUT
     STAFF,                                  PREJUDICE
10
                    Defendants.              (ECF No. 37)
11

12

13         Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

14   U.S.C. § 1983.

15                                            **I.**

16                                        **DISCUSSION**

17         On October 29, 2024, the Court found that Plaintiff's first amended complaint stated a

18   cognizable claim for improper denial of regular visitation privileges with his family while

19   detained at Corcoran State Prison against the Doe Defendant(s). (ECF No. 16.)

20         The Court allowed Plaintiff to issue a subpoena to Corcoran State Prison in order to

21   identify the Doe Defendants described in the operative complaint. (ECF No. 15, 16.)  On

22   November 15, 2024, Plaintiff completed and returned the subpoena. (ECF No. 17.)

23         On November 19, 2024, the Court directed service of the subpoena by the United States

24   Marshal on the Litigation Coordinator at Corcoran State Prison providing a thirty-day response

25   deadline.[1] (ECF No. 18.)  The Court directed that any response and/or responsive documents be

26   produced to Plaintiff at his address of record.  (Id. at 2.)

---

[1] On November 26, 2024, a proof of personal service of the subpoena was returned by the United States Marshal.
(ECF No. 19.)

27

28

1

On February 28, 2025, Plaintiff informed the Court that he has not received any information from the litigation coordinator at Corcoran in response to the served subpoena.  (ECF No. 23.)

On the form subpoena, Plaintiff directed the subpoena to Corcoran State Prison C-yard visiting staff "C-yard mail room" and requested "visiting documents related to Gale Joseph Young BM 2907 grievance log #426859.  (ECF No. 18.)  Thus, Plaintiff's subpoena seeks responsive documents that reveal the names of the staff working in the visiting center in 2022-2024 at Corcoran State Prison C-yard.  These documents are relevant and proportional to Plaintiffs claims in this case. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(1) advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.").

On March 7, 2025, the Court allowed the California Office of the Attorney General (OAG), by way of special appearance, to address Plaintiff's contention that he never received any documents.  (ECF No. 25.)

On March 21, 2025 and April 4, 2025, the OAG filed responses.  (ECF Nos. 26, 27.)

Based on the OAG's response that Plaintiff had received documents responsive to his subpoena request, the Court ordered Plaintiff to file a motion to substitute the Doe Defendant(s) within twenty days of April 18, 2025.  (ECF No. 28.)

On April 28, 2025, Plaintiff filed a response addressing the filing of a motion to substitute. (ECF No. 29.)  Therein, Plaintiff contends that he "has yet to receive anything other than the frivolous claim that documents were in storage because Corcoran facility-C was closed at different time[s] 2022-2024; redacted sign-in-sheets will do nothing to help identify Doe that information is on state department computer."  (ECF No. 32 at 3.)  Plaintiff submits that he "grieved this matter and the grievance and plaintiff inmate C-file is all that is needed to identify Doe."  (Id. at 2-3.)

Based on Plaintiff's contentions, the Court ordered a further response by the OAG necessary in order to adequately resolve this issue.  (ECF No. 33.)

On May 9, 2025, the OAG filed a response.  (ECF No. 34.)  Therein, the OAG states:

> Plaintiff's subpoena requested "Visiting Documents Related to Gale Joseph Young BM2907 Grievance Log No. 426859." (ECF No. 18.) California State Prison-Corcoran (Corcoran) initially understood the subpoena to call for documentation concerning not being permitted to access the visiting area and responded accordingly. In light of Plaintiff's clarification that he seeks information concerning the staff members who denied Plaintiff's visiting request form(s), Corcoran has conducted a further inquiry and has identified that person as Correctional Officer C. Patino. Documentation concerning the denials of visiting requests forms was provided to Plaintiff on May 7, 2025 as a supplemental response to the subpoena.
>
> The OAG acknowledges that the previous productions of documents to Plaintiff both at the Martinez Detention Facility and to Corcoran have been returned. They will be re-sent to the same address utilized by the Court in its ECF Notices.

(ECF No. 34 at 1-2.)

In response, the Court directed the OAG to file a notice that the responsive documents were re-sent and received by Plaintiff at this current address for record.  (ECF No. 35.)

On May 15, 2025, Plaintiff filed a notice seeking to substitute the Doe Defendant and motion seeking appointment of counsel.  (ECF No. 37.)  Therein, Plaintiff acknowledges receipt of documents responsive to his subpoena and seeks to substitute the Doe Defendant as Christina Patino.  (Id.)  Plaintiff's motion to substitute the Doe Defendant correctional officer Christina Patino shall be granted as the allegations in the operative complaint state a cognizable claim against her.

Plaintiff also seeks to add acting warden Tammy Campbell and Governor Gavin Newsom as Defendants in this action.  (Id.)  However, Plaintiff was not granted leave to add or substitute new Defendants to this action, and there are no allegations, whatsoever, to give rise to any cognizable claim against acting warden Tammy Campbell and Governor Gavin Newsom in the operative first amended complaint.  Indeed, in the operative first amended complaint, Plaintiff named "Corcoran visiting staff" as the Defendant and alleged as follows:

> First visiting staff denied any and all friends and family visiting approval giving false reasons such as overnight visits request when my people never asked for an overnight visit just the right to standard day visit approval. I submitted a grievance showing my peoples request, the grievance was granted and the Corcoran visiting staff still denied family and friends standard visiting approval even though the grievance included my mothers doctors letters stating she was disable and needed a full time escort so approving only my mother

3

1
2

is still denying my mother a visit which is what Corcoran visiting staff did my entire time in state prison and they did so maliciously my mother is no longer present to visit if possible.

3

(ECF No. 15 at 3-4.)  Based on these allegations, it is clear the complaint relates solely to the

4

officer who denied Plaintiff visitation privileges, not the acting warden or Governor.[2]

5

Accordingly, Plaintiff's motion to substitute and add acting warden Tammy Campbell and

6

Governor Gavin Newsom as Defendants shall be denied.[3]  By way of separate order, the Court

7

will order service of process on officer Christina Patino.

8

With regard to Plaintiff's request for appointment of counsel "in the interests of justice," it

9

must be denied.  (ECF No. 37 at 3.)  As stated in the Court's March 4, 2025, order, Plaintiff does

10

not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d

11

1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff

12

pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

13

District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the

14

court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113

15

F.3d at 1525.

16

Without a reasonable method of securing and compensating counsel, the court will seek

17

volunteer counsel only in the most serious and exceptional cases.  In determining whether

18

"exceptional circumstances exist, the district court must evaluate both the likelihood of success

19

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

20

complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

21

In the present case, the Court does not find the required exceptional circumstances.  Even

22
23
24
25
26

[2] The Court notes that in order to find acting warden Tammy Campbell or Governor Newsom liable, Plaintiff would have to establish that they participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted). There are no factual allegations that acting warden Tammy Campbell participated in or was aware of any of the Defendant's alleged acts or failures to act which injured Plaintiff and that Campbell failed to act to prevent them. Id.; see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation."); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (conclusory assertions that defendants took some action or failed to do so are insufficient to state a § 1983 claim).

27
28

[3] The Court also notes that Plaintiff has not properly sought or received leave to amend the complaint to add allegations relating to Campbell and/or Newsom. See Fed. R. Civ. P. 15(a).

1   if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations

2   which, if proved, would entitle him to relief, his case is not exceptional.  While the Court

3   recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test

4   is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v.

5   Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further

6   facts during litigation and a pro se litigant will seldom be in a position to investigate easily the

7   facts necessary to support the case.")  The test is whether exception circumstances exist and here,

8   they do not.   A review of the operative complaint reflects that Plaintiff has been able to

9   adequately articulate his claims and the Court has ordered service on the unidentified Doe

10  Defendant.  (ECF Nos. 1, 16.)   In addition, the fact that Plaintiff is imprisoned and has not been

11  able to obtain counsel on his own, are circumstances faced by almost all other prisoners seeking

12  relief by way of civil rights complaint.  See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335–36

13  (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he

14  had limited access to law library and lacked a legal education); Marquez v. United States, No.

15  318CV00434CABNLS, 2018 WL 3388098, at *3 (S.D. Cal. July 12, 2018) ("[M]any of

16  Plaintiff's assertions, such as limited education, no legal training, and limited access to the law

17  library, are issues common to many prisoners and do not amount to exceptional circumstances.");

18  Galvan v. Fox, No. 2:15-CV-01798-KJM-DB, 2017 WL 1353754, at *8 (E.D. Cal. Apr. 2017)

19  ("Circumstances common to most prisoners, such as lack of legal education and limited law

20  library access, do not establish exceptional circumstances that warrant a request for voluntary

21  assistance of counsel.").  Thus, contrary to Plaintiff's contention, the interests of justice do not

22  warrant appointment of counsel.  Accordingly, Plaintiff's second motion for the appointment of

23  counsel is denied, without prejudice.

## II.

## ORDER

26  Based on the foregoing, it is HEREBY ORDERED that:

27  1.      Plaintiff's motion to substitute the identity of the Doe Defendant is GRANTED;

28  2.      The Clerk of Court shall substitute officer Christina Patino as the Doe Defendant;

5

and

3.   Plaintiff's second request for appointment of counsel is DENIED, without

prejudice.

IT IS SO ORDERED.

Dated:   **May 20, 2025**

STANLEY A. BOONE
United States Magistrate Judge