UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE J. YOUNG, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CORCORAN STATE PRISON VISITING STAFF,<br><br>　　　　Defendants. | No. 1:24-cv-00776-KES-SAB (PC)<br><br>ORDER REGARDING DEFENDANTS' REQUEST FOR CLARIFICATION<br><br>ORDER GRANTING EXTENSION OF TIME |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

　　　　On October 29, 2024, the Court found that Plaintiff stated a cognizable claim for denial of regular visitation privileges. Defendant now requests further clarification of Plaintiff's claim and seeks an extension of time to file a responsive pleading.

　　　　Defendant is advised that Plaintiff's first amended complaint states a cognizable claim against Christina Patino (previously identified as a Doe Defendant) for denial of his First Amendment right to association based on the improper denial of all visitation while he was detained at California State Prison, Corcoran.[1] The Supreme Court does not hold or imply "that any right to association is altogether terminated by incarceration," Overton v. Bazzetta, 539 U.S. 126, 131 (2003), but limitations are permissible if they bear a rational relation to legitimate

---

[1] The Court notes that the October 29, 2024 screening order did not rule out a claim under the First Amendment for denial of a right to association, but ordered Plaintiff provide additional facts *if* he was able to do so. Liberally construed, Plaintiff's first amended complaint provides sufficient notice as to the nature of his claim of being denied all visitation. Fed. R. Civ. P. 8(a).

1  penological interests, id. at 132, and satisfy the Turner requirements. Id. at 135-36 (citing Turner
2  v. Safley, 482 U.S. 78, 89 (1987).)  A prison regulation alleged to infringe on First Amendment
3  rights is "valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at
4  89. Four factors are considered in making the determination: (1) whether there is a "valid rational
5  connection" between the prison regulation and the government interest justifying it; (2) whether
6  there is an alternative means available to the prisoner to exercise the right; (3) whether an
7  accommodation would have "a significant 'ripple effect'" on the guards, other inmates, and
8  prison resources; and (4)whether there is an alternative that fully accommodates the prisoner "at
9  de minimis cost to valid penological interests." Murphy v. Missouri Dep't of Corr., 372 F.3d 979,
10  982-83 (8th Cir.2004) (quoting Turner, 482 U.S. at 89-91).

         Accordingly, it is HEREBY ORDERED that:

         1.   Defendant shall file a responsive pleading within **fourteen (14)** days from the date
              of service of this order.

IT IS SO ORDERED.

Dated:   **July 28, 2025**

                                    _____
                                    STANLEY A. BOONE
                                    United States Magistrate Judge