UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE J. YOUNG, et al.<br><br>Plaintiffs,<br><br>v.<br><br>C. PATINO,<br><br>Defendant. | No. 1:24-cv-00776-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 55) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed January 20, 2026.

**I.**

**BACKGROUND**

This action is proceeding against Defendant Christina Patino for denial of visitation.

Defendant filed an answer to the complaint on August 11, 2025.  (ECF No. 46.)

On September 26, 2025, the Court issued the discovery and scheduling order.  (ECF No. 52.)

On January 20, 2026, Plaintiff filed the instant motion to compel discovery.  (ECF No. 55.)  Defendant filed an opposition on February 3, 2026, and Plaintiff filed a reply on February 23, 2026.  (ECF Nos. 56, 59.)

**II.**

**LEGAL STANDARD**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

1

confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 52. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

2

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.

## DISCUSSION

Plaintiff seeks to compel responses to Requests for Production of Documents Numbers 2, 3, 4, 6, and 7. (ECF No. 55.)

Defendant argues that Plaintiff fails to establish why Defendant's responses and objections are without merit. (ECF No. 56.) Defendant also submits that Plaintiff failed to comply with Rule 251 of the Local Rules.[1] (Id.)

**A.**     **Request for Production No. 2 requested:** "Rap sheets, arrest records, any and

---

[1] Despite Defendant's contention, the Court specifically exempted the parties from the meet and confer requirement. (ECF No. 52, at 2:16-18.)

all police contacts with date of contact for all visitor applicants submitted on Plaintiff [sic] behalf. (ECF No. 56, Ex. A.)

**Defendant's Response: "**Defendant objects to this request on the grounds that it is compound and combines multiple requests for distinct documents into a single request. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad as to the terms or phrases "arrest records" and "any and all police contacts." Finally, Defendant objects to this request because it seeks documents not relevant or proportional to any claim or defense in this action. Defendant also objects to the extent this request seeks document protected by third parties' right to privacy. Based on the foregoing objections, no documents will be produced in response to this request."  (Id.)

**Ruling:** Plaintiff's motion to compel shall be denied.  Defendant's objection on the basis that this request is compound is sustained because it seeks multiple different documents in a single request without describing with "reasonable particularity each item or category of item" to be produced.  Fed. R. Civ. P. 26(b)(1)(A).  In addition, the terms "arrest records" and "any and all police contacts" is vague, ambiguous, and overbroad as it includes a multitude of different documents not relevant to Plaintiff's claim for the denial of visitation privileges.  Furthermore, the RAP sheets and arrest records of a third-party implicates those individual's right to privacy. Accordingly, Plaintiff's motion to compel a response is denied.

**B.     Request for Production No. 3 requested:** "DMV Policy stating all facts and differences of driver [sic] license and identification numbers, how they differ! As Mr. Trang claim [sic] they do!"  (ECF No. 56, Ex. A.)

**Defendant's Response:** "Defendant objects to this request because it seeks documents not relevant or proportional to any claim or defense in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad as to the terms or phrases "all facts and differences." Based on the foregoing objections, no documents will be produced in response to this request."  (Id.)

**Ruling:** Plaintiff's motion to compel must be denied.  Defendant properly objected to this request as vague, ambiguous and overbroad as to the phrase "all facts and differences."  Further,

4

the DMV policy defining a valid identification number is not at issue and is not relevant to this case. As Defendant submits, Plaintiff misconstrues the denial of visitation for an alleged lack of providing any identification as the same as submitting a driver's license instead of an identification number. Accordingly, Plaintiff's motion to compel is denied.

**C.    Request for Production No. 4 requested:** "DMV records of all visitor applicants submitted on Plaintiff [sic] behalf." (ECF No. 56, Ex. A.)

**Defendant's Response:** "Defendant objects to this request because it seeks documents not relevant or proportional to any claim or defense in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad as to the terms or phrases "DMV records." Defendant also objects on the basis that this request could call for documents protected by third-parties' right to privacy. Based on the foregoing objections, no documents will be produced in response to this request." (Id.)

**Ruling:** Plaintiff's motion to compel is denied. As Defendant submits the DMV records of all of his visitor applicants is not relevant or proportional to the denial of visitation claim as only one application was allegedly denied on the basis of a failure by one visitor to provide any DMV identification number. (ECF No. 56 at 3.) In addition, requesting "DMV records" is vague, ambiguous, and overbroad in encompassing a variety of documents that Defendant could not know which to produce without specificity. Further, the request for "DMV records" would require Defendant to produce documentation containing multiple non-parties personal identification information which implicates the right to privacy. Accordingly, Plaintiff's motion to compel is denied.

**D.    Request for Production No. 6 requested:** "Plaintiff c-file." (ECF No. 56, Ex. A.)

**Defendant's Response:** "Defendant objects to this request because it seeks documents not relevant or proportional to any claim or defense in this action. Defendant further objects to this request on the basis that the documents requested are equally available to the Plaintiff by requesting an Olson Review. This request is extremely broad and vague and ambiguous, but to the extent that it may call for confidential documents, Defendant objects based on the official information privilege. Based on the foregoing objections, no documents will be produced in

response to this request." (Id.)

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff is entitled to access his central file by following the proper institutional procedure. See Arellano v. Sedighi, 2019 WL 1040365, at *5 (S.D. Cal. Mar. 5, 2019) (defendants not required to produce documents that are "equally accessible to both parties.") Plaintiff has not stated that he has not been allowed to view his central file. Accordingly, Plaintiff's motion to compel is denied.

**E.    Request for Production No. 7 requested: "**All CDRC [sic] settlement payout 2025-1995 December to December." (ECF No. 56, Ex. A.)

**Defendant's Response:** "Defendant objects to this request because it seeks documents not relevant or proportional to any claim or defense in this action. Defendants object to this request on the grounds that it is vague, overbroad, not proportional to the needs of the case, and is unduly burdensome since it seeks documents unrelated to the issues in this case[.] Defendants further object to this request as it implicates and is violative of the privacy rights of non-parties to this matter, requests confidential documents, and is vague and overly broad. Based on the foregoing objections, no documents will be produced in response to this request." (Id.)

**Ruling:** Plaintiff's motion to compel is denied. This information is not relevant to the claim at issue in this action. In addition, the request is vague and overbroad, and implicates the privacy rights of non-parties. Accordingly, Plaintiff's motion to compel is denied.

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated:  **March 3, 2026**                                    _____
                                                                        STANLEY A. BOONE
                                                                        United States Magistrate Judge

6