UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GALE J. YOUNG,

            Plaintiff,

    v.

C. PATINO,

            Defendant.

No.  1:24-cv-00776-KES-SAB (PC)

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE, AS PREMATURE, AND DENY DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION AS MOOT

(ECF Nos. 57, 61 )

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed February 17, 2026.  (ECF No. 57.)  On March 9, 2026, Defendant filed a motion for a 150-day extension of time to file an opposition to Plaintiff's motion to correlate to the dispositive motion deadline. (ECF No. 61.)  For the reasons explained below, Plaintiff's motion must be denied and Defendant's motion for an extension of time shall be denied as rendered moot.

**I.**

**DISCUSSION**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must include a "Statement of Undisputed Facts." Local Rule 260(a).  Furthermore, this Court's local rule requires each motion of summary judgment to include "a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular points of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied

1

upon to establish that fact." To establish the absence of a genuine factual dispute, Plaintiff must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials ..." Fed. R. Civ. P. 56(c)(1)(A); see also Local Rule 260(a). Plaintiff's motion fails to comport with Fed. R. Civ. P. 56(a) and Local Rule 260(a).

This action is proceeding against Defendant Patino for denial of visitation privileges with this family while detained at Corcoran State Prison.

Plaintiff's motion for summary judgment is premature.  This case is currently in the discovery phase which remains open until May 26, 2026. (ECF No. 52.)  Defendant is entitled to an opportunity to pursue discovery before responding to a summary judgment motion, and without such opportunity Defendant cannot properly evaluate the merits and/or defenses to Plaintiff's claim.  Accordingly, Plaintiff may file a motion for summary judgment that incorporates after obtaining all relevant materials following completion of discovery as contemplated by Rule 56. See, e.g., Moore v. Hubbard, No. CIV S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature); see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003) (noting that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," the district court should grant requests by non-movants to take discovery prior to considering the motion for summary judgment); Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion").

In addition, Plaintiff's motion for summary judgment fails to comply with Local Rule 260(a), which requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material relied upon in support of the motion and cite the particular portions of any

pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Compliance with Local Rule 260(a) is mandatory. Plaintiff's failure to include a Statement of Undisputed Facts with his summary judgment motion renders his summary judgment motion procedurally defective. Plaintiff is cautioned that any future motion for summary judgment must include a "Statement of Undisputed Facts" and must otherwise comply with the Local Rules.  Accordingly, Plaintiff's motion for summary judgment should be denied, without prejudice, as premature.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Plaintiff's motion for summary judgment (ECF No. 57) be denied, without prejudice, as premature; and

2.    Defendant's motion for an extension of time to file an opposition (ECF No. 61) be denied as rendered moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 10, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge

3